## UNITED STATES DISTRICT COURT
## DISTRICT OF MARYLAND

TERRY D. QUATTLEBAUM,

    Plaintiff,

    v.

BANK OF AMERICA, N.A.,                        Civil Action No. TDC-14-2688
COUNTRYWIDE HOME LOANS, INC.,
and
DELL FRANKLIN FINANCIAL, LLC,

    Defendants.

### MEMORANDUM OPINION

This case is before the Court on Plaintiff's Motion to Remand, ECF No. 7, Defendant Bank of America, N.A. and Defendant Countrywide Home Loans, Inc.'s Motion to Dismiss, ECF No. 8, Plaintiff's Motion to Compel, ECF No. 18, and Plaintiff's Motion for Summary Judgment, ECF No. 20. Having reviewed the briefs, the Court finds no hearing necessary. *See* Local Rule 105.6 (D. Md. 2014). For the reasons set forth below, the Motion to Remand is DENIED, the Motion to Dismiss is GRANTED, the Motion to Compel is DENIED, and the Motion for Summary Judgment is DENIED.

### BACKGROUND

Plaintiff Terry D. Quattlebaum ("Quattlebaum") proceeds in this action *pro se*. The Court reads his filings to allege the following. On May 31, 2006, Quattlebaum acquired an undivided interest in 6970 Hanover Parkway, Apartment 101, located in Greenbelt, Maryland, when his wife Anna Quattlebaum, née Obee, deeded that property to herself and him as tenants by the entirety. Compl. at 1. ECF No. 2, *see* Prince George's County Land Records, Book

25812 at 18, *available at* http://mdlandrec.net.[1]  At that time, the property was encumbered by a mortgage owned by Arlington Capital Mortgage Corporation in the amount of $165,851.00. Prince George's County Land Records, Book 25812 at 21.  On January 23, 2008, Quattlebaum refinanced the property with Dell Franklin Financial ("Dell"), taking out a mortgage in the amount of $188,028.00.  Compl. at 1; Prince George's County Land Records, Book 29446 at 170.  On February 21, 2008, that mortgage was sold to Countrywide Home Loans, Inc. ("Countrywide").  Compl. at 2.  Quattlebaum notes that he himself "did not initiate" this sale of his mortgage to Countrywide.  *Id.*  At some point, the Consumer Protection Division of the Office of the Attorney General, presumably of Maryland, determined that Countrywide had engaged in "predatory lending and servicing schemes." *Id.*  Quattlebaum does not identify any particular fraud or illegality on the part of Countrywide affecting his own mortgage.   In July 2008, Bank of America acquired Countrywide.  Compl. at 2; Mot. Dismiss at 1 n.1.  On August 12, 2010, Dell dissolved as a corporate entity. *See* Notice Removal, Ex. 1, at 1, ECF No. 1-1.

According to Quattlebaum, at various points from 2009 to 2012, he made on-time mortgage payments, but Bank of America "erroneously reported" those payments as late and thus assessed late fees against him.  Compl. at 3.  On January 31, 2012, Quattlebaum filed for bankruptcy pursuant to 11 U.S.C. § 701, *et seq.  See In Re: Quattlebaum*, No. TJC-12-11569 (Bankr. Md. 2012).  In the February 2012 Summary of Schedules, Quattlebaum's apartment was valued at $145,500.00, his outstanding mortgage debt was reported as $185,006.00, and Bank of America (abbreviated as "BAC") was identified as the holder of that mortgage. *Id.*, Sum. of Sched. at 1 & 9, Bankruptcy Docket Entry ("BDE") No. 17.  Quattlebaum's eligible debts were discharged on May 9, 2012, and his bankruptcy was finalized on May 15, 2012. *See id.*, Order

---

[1] The Court takes judicial notice of land records and court proceedings pursuant to Fed. R. Evid. 201(b)(2).

Discharging Debtor, BDE No. 23, and Final Decree, BDE No. 25. Quattlebaum's mortgage was not one of the debts discharged. Compl. at 3. Quattlebaum ultimately restructured his mortgage with Bank of America to lower his monthly payments. *In Re: Quattlebaum,* Letter to Court from Quattlebaum, BDE No. 26.

On August 7, 2012, the assignment to Bank of America of the deed of trust for 6970 Hanover Parkway, Apartment 101, was executed. Prince George's County Land Records, Book 33943 at 22. That executed assignment was then filed in the land records office on September 10, 2012. *Id.*; Compl. at 2.

On May 22, 2014, Quattlebaum filed suit in the District Court of Maryland for Prince George's County against Bank of America, Countrywide, and Dell seeking to quiet title to 6970 Hanover Parkway, Apartment 101, and seeking damages of $4,372.48 and a reduction of his outstanding mortgage balance to $94,414.00 for defendants' alleged violation of the Truth In Lending Act ("TILA"), 15 U.S.C. § 1601, *et seq.*, the Real Estate Settlement Procedures Act ("RESPA"), 12 U.S.C. § 2601, *et seq.*, Uniform Commercial Code ("U.C.C.") § 3-501, and unspecified aspects of "State Common Law." Compl. at 1, 4.

Bank of America and Countrywide removed the case to this Court on August 20, 2014 on the basis of both diversity jurisdiction and federal-question jurisdiction. *See* Notice of Removal, ECF No. 1. On August 26, 2014, Quattlebaum filed a Motion to Remand the case to state court. ECF No. 7. On August 27, 2014, Bank of America and Countrywide filed a Motion to Dismiss for Failure to State a Claim. ECF No. 8. On September 3, 2014, Quattlebaum filed his Response in Opposition, ECF No. 10, which he amended on September 5, 2014 to correct various "clerical errors." Am. Resp. in Opp'n at 1, ECF No. 12. On September 22, 2014, Bank of America and Countrywide filed their Reply to Quattlebaum's Response. ECF No. 17.

On October 8, 2014, Quattlebaum filed a Motion to Compel in which he asks the Court to order Defendants "to produce to Plaintiff the Original Note." Mot. Compel at 1, ECF No. 18. On October 24, 2014, Bank of America and Countrywide filed their Response in Opposition to that Motion. ECF No. 19. On October 30, 2014, Quattlebaum filed a Motion for Summary Judgment. ECF No. 20. Bank of America and Countrywide filed their Response in Opposition on November 13, 2014, ECF No. 22, and Quattlebaum filed his Reply to that Response on November 19, 2014, ECF No. 23.

## DISCUSSION

### I.      Claims Against Dell Franklin Financial

Dell dissolved as a corporation on August 12, 2010. The capacity of a corporation to sue or be sued is determined by the laws of the state where the corporation was organized. Fed. R. Civ. P. 17(b)(2). Dell was incorporated in Maryland, so its capacity to be sued now that it has dissolved is governed by Maryland law. *See* Notice Removal, Ex. 1 at 2. In Maryland, a dissolved corporation is a "legal non-entity," and thus its "power to sue or be sued" is "extinguished." *Dual Inc. v. Lockheed Martin Corp.,* 857 A.2d 1095, 1101 (Md. 2004). Dell is therefore not a proper party to this lawsuit, so it is dismissed as a defendant.

### II.     Quattlebaum's Motion to Remand

"[A]ny civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant ... to the district court of the United States for the district and division embracing where such action is pending." 28 U.S.C. § 1441(a) (2012). Here, Bank of America and Countrywide assert that this Court has original jurisdiction on two bases: (1) federal-question jurisdiction, meaning that the case involves an issue of federal law, *see* 28 U.S.C. §§ 1331 and 1441(c), and (2) diversity jurisdiction, meaning,

4

as relevant here, that the parties in the case are citizens of different states and the amount in controversy exceeds $75,000, *see* 28 U.S.C. §§ 1332 and 1441(b).   Quattlebaum moves to remand because the "claim [that] there is complete diversity among the parties is not accurate." Mot. Remand ¶ 7.   Quattlebaum does not challenge Defendants' assertion of federal-question jurisdiction, and indeed reiterates in his Motion to Remand that Defendants did not comply with TILA or RESPA. *Id.* ¶¶ 12-13.   Because Quattlebaum essentially concedes that his case involves a federal question, his Motion to Remand is denied.

### III.      Bank of America and Countrywide's Motion to Dismiss

Quattlebaum's primary legal theory underlying his causes of action seems to be that the sale of his mortgage from Dell to Countrywide, and then the transfer of the mortgage from Countrywide to Bank of America, were both fraudulent transactions made in violation of TILA, RESPA, and state common law. *See* Compl. at 2, 4.   Based on the premise that the transfers were fraudulent, Quattlebaum argues that Bank of America's ownership of the deed of trust to 6970 Hanover Parkway, Apartment 101, is "[c]louded." Resp. in Opp'n. Mot. Dismiss at 3. More specifically, Quattlebaum argues that while Bank of America may have the deed of trust, *see* Resp. in Opp'n Mot. Dismiss at 7, it does not have the original promissory note that Quattlebaum signed when first taking out the mortgage. *Id.* at 8.   Quattlebaum explains that without the note, Bank of America cannot "enforce ... the Deed of Trust" to 6970 Hanover Parkway, Apartment 101. *Id.* at 3.   This contention leads him to assert additional allegations of fraud.   He claims that because Bank of America cannot produce the note, it has falsified various documents "to reverse-engineer the chain of title."   Resp. in Opp'n Mot. Dismiss at 7. Specifically, he alleges that Bank of America has used "[r]obo-signing, ... [f]alse notary signatures, [and] submission of questionable, inaccurate or patently counterfeit affidavits" to

5

fraudulently establish its ownership of Quattlebaum's mortgage. *Id.* He concludes that Bank of America is obligated to show that it possesses the "original note," "not a copy, not an electronic entry," and that unless Bank of America can "Produce the [original] Note," it cannot enforce his mortgage obligation. *Id.* at 5, 8. Bank of America and Countrywide move the Court to dismiss Quattlebaum's Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6) because, in their estimation, he fails to plead facts sufficient to state a claim for relief as to any of these causes of action.

### A.  Legal Standard

To overcome a Rule 12(b)(6) motion, a complaint must allege enough facts to state a plausible claim for relief. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).  A claim is plausible when "the plaintiff pleads factual content that allows the Court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* Legal conclusions or conclusory statements do not suffice and are not entitled to the assumption of truth. *Id.* In evaluating the sufficiency of the plaintiff's claims, the Court must examine the complaint as a whole, consider the factual allegations in the complaint as true, and construe the factual allegations in the light most favorable to the plaintiff. *Albright v. Oliver*, 510 U.S. 266, 268 (1994); *Lambeth v. Bd. of Comm'rs of Davidson Cnty.*, 407 F.3d 266, 268 (4th Cir. 2005).  Complaints filed by *pro se* plaintiffs are "to be liberally construed" and "must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007).  However, the complaint must contain more than "legal conclusions, elements of a cause of action, and bare assertions devoid of further factual enhancement." *Nemet Chevrolet, Ltd. v. Consumeraffairs.com, Inc.*, 591 F.3d 250, 255 (4th Cir. 2009).

In addition, because Quattlebaum's allegations sound in fraud, he is subject to the heightened pleading standards of Rule 9(b). *See* Fed. R. Civ. P. 9(b) ("In alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake."). Under this heightened pleading standard, Quattlebaum must allege "the time, place, and contents" of the fraudulent representation, the identity of the person who made the misrepresentation, and "what he obtained thereby." *See Harrison v. Westinghouse Savannah River Co.,* 176 F.3d 776, 784 (4th Cir. 1999).

### B.  Quiet Title

A quiet title action enables a plaintiff possessing real property to challenge the validity of, as relevant here, a defendant's claim "to hold any lien encumbrance" on that same property. Md. Code Ann., Real Prop. § 14–108(a).  A plaintiff bringing a quiet title action must make two showings.  First, he must show that the defendant with a competing claim has an interest that is "actually defective, invalid, or ineffective." *Kasdon v. G.W. Zierden Landscaping, Inc.*, 541 F. Supp. 991, 995 (D. Md. 1982).  He must then show that his claim of entitlement to the property at issue is valid, which requires that he demonstrate he has both possession of the property and "legal title by 'clear proof.'"  *Porter v. Schaffer*, 728 A.2d 755, 766–67 (Md. Ct. Spec. App. 1999) (quoting *Steward v. May*, 73 A. 460 (Md. 1909)).  Even taking his allegations as true and construing them liberally, Quattlebaum fails to offer sufficient allegations on either point and therefore fails to plead a plausible claim that he is entitled to have title to his apartment quieted in his favor.

Turning first to the alleged defects in Defendants' claim of title, Quattlebaum appears to assert that the sale of his mortgage by Dell to Countrywide, and the transfer of the mortgage from Countrywide to Bank of America, were fraudulent, and thus that Bank of America's

entitlement to his property is suspect.  Quattlebaum's allegations, however, do not establish a plausible claim.   On the sale of his mortgage from Dell to Countrywide, Quattlebaum alleges only that he himself did not initiate the sale and that Countrywide was found in other instances to have engaged in predatory lending practices.  The fact that Quattlebaum did not initiate the sale reveals nothing improper.  It is the lender who "owns" the mortgage, in the sense that it is the lender who is entitled to receive Quattlebaum's payments.  What the lender chooses to do with that entitlement—whether to keep it or to sell it to another financial institution—is a decision Quattlebaum has no standing to challenge.  *Wolf v. Fed. Nat'l Mortg. Ass'n*, 512 F. App'x 336, 342 (4th Cir. 2013) (per curiam) (holding that a mortgagor lacks standing to challenge the propriety of the assignment of the note).  Nor can one infer fraud from the fact that Countrywide has been identified as a predatory lender.  Quattlebaum provides no facts specific to his own situation that suggest that Countrywide used predatory practices when purchasing his mortgage from Dell.   He thus fails to satisfy either the pleading requirements of Rule 8(a) or the particularity requirements of Rule 9(b).

Quattlebaum's allegations relating to the transfer of his mortgage from Countrywide to Bank of America are equally sparse.  Quattlebaum says nothing about the actual transfer. Instead, he seems to argue that one can infer that the transfer was fraudulent for two reasons: (1) during his bankruptcy proceedings, Bank of America "failed to file a proof of claim [to 6970 Hanover Parkway, Apartment 101] for consideration to enforce a valid lien" pursuant to 11 U.S.C. § 501, which he apparently interprets as a sign that Bank of America was aware it was not validly entitled to that property, Resp. in Opp'n Mot. Dismiss at 10-11; and (2) Bank of America has falsified a series of documents in an effort to establish its valid entitlement to 6970 Hanover Parkway, Apartment 101.    As to the first argument, 11 U.S.C. § 501(a) provides that in a

bankruptcy proceeding, a creditor "*may* file a proof of claim."   The statute is therefore permissive, not mandatory, and in practice creditors generally file such a proof of claim only when the list of creditors and debts provided by the debtor is inaccurate. *See* 11 U.S.C. § 501 note (1978 Acts) ("This subsection is permissive only[.]  It permits filing where some purpose would be served, such as where a claim ... was incorrectly stated or listed as disputed, contingent, or unliquidated ... .").   Because Bank of America was not required to file a proof of claim under 11 U.S.C. § 501, its failure to do so cannot be interpreted as an implicit acknowledgment of a defect in its entitlement to 6970 Hanover Parkway, Apartment 101.  As to the second argument, Quattlebaum makes only bare assertions with no factual enhancement.  He specifies no particular documents that he believes were falsified and necessarily then also cites no particular evidence pointing to the alleged falsification.  His pleading therefore lacks the requisite details regarding time, place, and fraudulent contents required under Rule 9(b).

Quattlebaum also asserts that Bank of America's entitlement to 6970 Hanover Parkway, Apartment 101, is defective because the note (the promissory note obliging him to pay the amount of his mortgage) and the deed of trust (the title to the property used to secure his payment of the mortgage) have been separated.  First, Quattlebaum cites no facts to support his conclusion that the note and the deed have been separated.  Even accepting his premise as true, Quattlebaum's legal conclusion does not follow.  Quattlebaum seems to assert that the separation of the note and the deed in and of itself renders his mortgage invalid.  In Maryland, however, the right to enforce the deed of trust automatically follows the note, making the two inseparable. *Deutsche Bank Nat. Trust Co. v. Brock*, 63 A. 3d 40, 48 (Md. 2013) ("[O]nce the [promissory] note is transferred, the right to enforce the deed of trust follows." (internal quotation marks and citation omitted)).  Courts in this district have therefore repeatedly and appropriately rejected the

"separation theory" as a basis for invalidating mortgages. *See McNeil v. Bank of Amer.*, No. DKC-13-2162, 2014 WL 1831115, at *3 (D. Md. May 7, 2014) ("[C]ourts in this district have rejected this 'separation theory.'"); *Reed v. PNC Mortg.*, No. AW-13-1536, 2013 WL 3364372, at *3 (D. Md. July 2, 2013) ("Courts in this district have rejected similar claims based on the alleged separation of a note from the deed of trust."); *Parker v. Deutsche Bank Nat'l Trust Co.*, No. WMN-12-3358, 2013 WL 1390004, at *3 (D. Md. Apr. 3, 2013) (rejecting the separation theory because the "rights under the Deed of Trust follow the Note").

Quattlebaum's related assertion that his mortgage is valid only if Bank of America can produce the original promissory note is also incorrect. Because, in Maryland, the deed and note cannot be split, "[t]he title to any promissory note ... conclusively is presumed to be vested in the person holding the record title to the mortgage." Md. Code, Real Property, § 7-103(a). Bank of America was assigned the deed of trust to 6970 Hanover Parkway, Apartment 101, on August 7, 2012, and therefore is "conclusively presumed" to have the right to enforce the promissory note attached to that deed of trust. Courts in this district have therefore also repeatedly rejected this "show me the note" argument. *See Jones v. Bank of N.Y. Mellon*, No. DKC-13-3005, 2014 WL 3778685, at *4 (D. Md. Jul. 29, 2014); *Harris v. Household Finance Corp.*, RWT-14-606, 2014 WL 3571981, at *2 (D. Md. Jul. 18, 2014) (explaining that "there is no recognizable claim" that a mortgagor must "produce 'wet ink' signature documents" in order for a mortgage to be valid).

Quattlebaum thus fails to allege facts that would support the conclusion that Bank of America's entitlement to 6970 Hanover Parkway, Apartment 101, is actually defective, invalid, or ineffective. Because Quattlebaum relies on flawed legal theories to support the claim that he has clear title, he cannot allege a plausible quiet title claim.

10

Furthermore, Quattlebaum's challenges to Bank of America's claim in fact underscore his lack of legal title. Quattlebaum's claim is not that his mortgage was fraudulently *created*; rather, it is that it was fraudulently transferred to two different servicers. While Quattlebaum takes issue with the transfers of his mortgage to Countrywide and Bank of America, he at no point casts any doubt on the validity of his original mortgage agreement with Dell. Indeed, Quattlebaum's own claim for relief—to reduce his mortgage balance to $94,414.00—implicitly admits that his property remains encumbered by a valid lien. When an individual takes out a mortgage, he transfers legal title of the mortgaged property to the lender, who retains title until the underlying debt is satisfied. *Fagnani v. Fisher*, 15 A.3d 282, 289 (Md. 2011). With Quattlebaum's own allegations establishing that 6970 Hanover Parkway, Apartment 101, remains encumbered by a valid mortgage, Quattlebaum cannot plausibly claim that he has clear legal title, a necessary predicate to succeed on a quiet title claim.

Thus, even if liberally construed, Quattlebaum's allegations provide no basis to conclude that Bank of America's entitlement to 6970 Hanover Parkway, Apartment 101, is defective and therefore that title to that property should be quieted in Quattlebaum's favor. Because Quattlebaum's underlying legal theories are invalid, any amendment of this claim would be futile. Accordingly, Count I is dismissed with prejudice. *See U.S. Airline Pilots Ass'n v. Awappa, LLC*, 615 F. 3d 312, 320 (4th Cir. 2010) (explaining that when any alteration to a cause of action would be "futile" and have "no impact on the outcome of the motion to dismiss," the district court need not grant leave to amend).

### C. Violation of the Truth-in-Lending Act

Quattlebaum alleges that Defendants failed to adhere to the Truth-in-Lending Act, which requires that:

not later than 30 days after the date on which a mortgage loan is sold or otherwise transferred or assigned to a third party, the creditor that is the new owner or assignee of the debt shall notify the borrower in writing of such transfer, including

(A) the identity, address, telephone number of the new creditor;
(B) the date of transfer;
(C) how to reach an agent or party having authority to act on behalf of the new creditor;
(D) the location of the place where transfer of ownership of the debt is recorded; and
(E) any other relevant information regarding the new creditor.

15 U.S.C. § 1641(g)(1).

While Quattlebaum provides some facts relating to his theory that the two transfers of his mortgage were fraudulent, he lays out no facts whatsoever regarding whether he was timely informed of those transfers as required by TILA. He therefore fails to allege sufficient facts to establish a plausible claim that the lenders failed to comply with the statute. Because Quattlebaum provides nothing other than "bare assertions devoid of further factual enhancement," the Court dismisses this claim without prejudice. *Nemet Chevrolet, Ltd.*, 591 F.3d at 255.

### D. Violation of RESPA

The Real Estate Settlement Procedures Act was enacted to ensure that mortgage servicers provide consumers with "greater and more timely information on the nature and costs of the settlement process" and that consumers "are protected from unnecessarily high settlement charges caused by certain abusive practices." 12 U.S.C. § 2601(a). Although Quattlebaum alleges that Defendants violated RESPA, he does not specify what provision of the statute is at issue, instead citing to the statute as a whole. *See* Compl. at 4 (citing to "12 U.S.C. § 2602 et seq"). Nor does he make clear what actions or inaction on the part of Defendants amounted to RESPA violations. By not identifying the particular statutory provision or actions at issue,

Quattlebaum deprives the Defendants of adequate notice of the substance of his allegations and prevents this Court from evaluating the merits of his claim. Accordingly, this count is dismissed without prejudice.

### E.  Failure to Comply with U.C.C. § 3-501

Quattlebaum asserts that Bank of America and Countrywide violated U.C.C. § 3-501. Because the U.C.C. is a model code, it has no legal effect in and of itself.  However, it has been codified in Maryland as the Commercial Law.  *See* Md. Code Commercial Law § 1-103.  *See also Hartford Fire Ins. Co. v. Maryland Nat. Bank, N.A.*, 671 A. 2d 22, 32 (Md. 1996) (referencing "Maryland's adoption of the UCC").   The Court accordingly construes Quattlebaum's U.C.C. § 3-501 claim as a state-law claim made pursuant to Commercial Law § 3-501, which is identical to the U.C.C. provision in all respects.  Quattlebaum's allegations on this count consist only of his claim that "Defendants failed to comply with UCC 3-501[.]" Compl. at 1.  He nowhere explains how Defendants allegedly violated § 3-501 or connects that provision with any of the facts he sets out.  As with his RESPA claim, then, Quattlebaum deprives Defendants of adequate notice of the substance of his allegations as to § 3-501 and prevents this Court from evaluating the merits of his cause of action.  Accordingly, this count is dismissed without prejudice.

### F.  State Common Law

Finally, Quattlebaum alleges that Defendants violated state common law, but other than asserting a quiet title claim, *see* supra part III.B, does not specify any particular common-law cause of action.  With Quattlebaum providing no specific legal theory on which to base liability, this cause of action must be dismissed.

13

## IV.     Quattlebaum's Motion to Compel

In his Motion to Compel, Quattlebaum asks the Court to "direct[] Defendants to produce to Plaintiff the Original Note." Mot. Compel at 1.  Quattlebaum's Motion is premature.  Under Local Rule 104.4, "discovery shall not commence" until a scheduling order is issued, which does not occur until after an Answer is filed.  Because Quattlebaum cannot yet propound any discovery requests, there is no basis to compel responses to those requests.  The Motion to Compel is therefore denied.

## V.     Quattlebaum's Motion for Summary Judgment

Under Federal Rule of Civil Procedure 56(a), the Court must grant summary judgment if the moving party demonstrates there is no genuine issue as to any material fact, and that the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a).  Here, as outlined above, Quattlebaum has failed to allege facts sufficient to state any plausible claim for relief.  He therefore necessarily fails to establish that he is entitled to judgment as a matter of law.  The Motion for Summary Judgment is denied.

## CONCLUSION

For the reasons set forth above, the Motion to Remand is DENIED, the Motion to Dismiss is GRANTED, the Motion to Compel is DENIED, and the Motion for Summary Judgment is DENIED. Dell Franklin Financial, LLC is no longer a party in this case.

Quattlebaum is granted leave to amend his Complaint within 21 days of the date of the Order, but may allege only claims under TILA, RESPA, and U.C.C. §3-501 against Bank of America, N.A. and Countrywide Home Loans, Inc. No other claims will be permitted.

A separate Order follows.

Date: March 10, 2015

THEODORE D. CHUANG
United States District Judge